UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DE ELVA MARY HARRILL,
Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF EDUCATION, et al.,
Defendants.

Civil Action No. 1:07-cv-385
Spiegel, J.
Hogan, M.J.

REPORT AND
RECOMMENDATION

Plaintiff De Elva Mary Harrill brings this action pro se against the United States Department of Education, Continental Services Group, Inc. aka Conserve[1], and others[2] contesting the decision of the Department of Education to garnish her wages to recoup a student loan obligation. This matter is before the Court on the Department of Education's motion for summary judgment (Doc. 30) and Conserve's motion for summary judgment (Doc. 31), to which plaintiff has not responded. For the reasons that follow, defendants' motions for summary judgment should be granted.

**I. Facts**

On January 18, 2007, plaintiff was notified by the Department of Education that it proposed to garnish her wages under Administrative Wage Garnishment (AWG)[3] to recoup a

---

[1]Continental Services Group, Inc. and Conserve were incorrectly named as two separate defendants in plaintiff's complaint.

[2]Plaintiff's complaint also names Sheron D. Davis, Borrower Services Customer Care Group, and Marshall Eason as defendants. However, the docket does not show service of process was completed on these defendants. Therefore, the Court is without personal jurisdiction over these defendants.

[3]Administrative Wage Garnishment is authorized by Section 31001(o) of the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. 104-134, 110 Stat. 1321-358 (April 26, 1996), codified at 31 U.S.C. § 3720D.

defaulted student loan debt owed by plaintiff. (Doc. 30, Exh. B; Doc. 6, Exh. B). Attached to the Notice form were blank forms for requesting a hearing and for disclosing financial information for purposes of establishing a financial hardship claim. *Id.* On February 12, 2007, the Department of Education assigned plaintiff's account to defendant Conserve for collection. (Doc. 6, Exh. C). Plaintiff requested an "in-person" hearing to challenge the AWG and requested copies of all documents held by the Department. (Doc. 6, Exh. D; Doc. 30, Exh. C, Entry Dates 3/2/07, 3/6/07). Defendants do not dispute the timeliness of plaintiff's hearing request. By letter dated March 3, 2007, defendant Conserve sent plaintiff copies of forms for requesting a hearing and for documenting a financial hardship claim. (Doc. 6, Exh. G). On March 15, 2007, plaintiff made a second request for a hearing and a request for production of documents held by the Department of Education. (Doc. 6, Exh. H).

Department of Education records indicate that an audit of the AWG process was completed on April 3, 2007 to ensure the accuracy of plaintiff's records. (Doc. 30, Exh. C, Entry Date 4/3/07). The records also show that plaintiff was sent loan records and documents sometime prior to April 5, 2007, and that an AWG hearing official attempted to contact plaintiff to discuss her situation and impending wage garnishment, but was unsuccessful. (Doc. 30, Exh. C, Entry Date 4/5/07).

On April 10, 2007, the Department of Education issued a Garnishment Hearing Decision. (Doc. 6, Exh. A; Doc. 30, Exh. A). The hearing officer determined that an in-person hearing was not required at that time because the only reason plaintiff sought an in-person hearing was her request for documents. (*Id.* at p. 1, ¶2 and p.2, ¶2-4). The decision also stated that plaintiff's request for loan documents "does not stop the administrative wage garnishment process" and that

2

plaintiff "refused to complete the different type of hearing forms and financial information forms necessary to determine [plaintiff's] specific needs as they relate to the repayment of [the] student loan." (*Id.* at p. 2). The Department of Education concluded that "the debt . . . is enforceable and subject to a garnishment order, as proposed in the notice, at the rate of 15 percent of [plaintiff's] disposable pay." *Id.* On April 14, 2007, plaintiff was provided the opportunity to enter into a voluntary repayment plan before an order to garnish was issued to her employer. (Doc. 6, Exh. I; Doc. 30, Exh. D).

On June 20, 2007, plaintiff filed a complaint in this federal court. (Doc. 3 at 6).[4] Plaintiff alleges that the decision of the Department of Education should be reversed because it is not based on the "facts at hand." (Doc. 6 at p. 2, ¶3, p. 6). Plaintiff alleges that the Department of Education never complied with her request for documents and that such failure denied plaintiff the right to "adequately prepare" her defense. (Doc. 6 at 6). Plaintiff acknowledges that she chose not to "provide the defendant with any further personal financial records" (Doc. 6 at p. 4), but that based on the documents she previously submitted to the Department of Education, the Department should have determined that garnishment of her wages would amount to a financial hardship and that no new documents were needed. (Doc. 6 at p. 6). Plaintiff alleges that defendants' actions have caused her emotional duress for which she seeks $9,618.29 in damages for pain and suffering. (Doc. 6 at 7). Plaintiff seeks the following relief, taken verbatim from her complaint:

> 1. A Temporary Restraining Order enjoining the US Department of Education by and through their Agent, Continental Services Group Inc. from filing a Wage

---

[4]The statement of plaintiff's claims is found in her Motion for Federal Court Intervention (Doc. 6) which was originally attached to and incorporated by reference in her complaint. (See Doc. 3 at 5).

3

      Garnishment Case until given leave by this Court to do so;

      2. Quash the erroneous findings of the April 10th correspondence Borrower Services, Customer Care Group Hearing Decision;

      3. Set this matter on the Court's docket until a fixed, voluntary repayment plan has been agreed upon, and if necessary, convene a jury to determine a fixed amount that any reasonable or unsophisticated person hearing the historical facts, would agree is within reason;

      4. Continue the Plaintiff's request for $9,618.29 in damages as a result of these matters not being resolved previously to the Plaintiff being directed to bring the matter before the Federal District Court.

(Doc. 3 at 6).

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

4

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

The Department of Education may pursue debt collection through Administrative Wage Garnishment pursuant to § 31001(o) of the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3720D. AWG is a process under which the Department may garnish the wages of a delinquent debtor without first obtaining a court order. The debtor's employer then withholds specified amounts from the debtor's wages which are then paid to the Department of Education. The AWG process commences with a written notice to the debtor of the Department of Education's intent to collect the debt by wage garnishment and an explanation of the debtor's rights to avoid garnishment. 34 C.F.R. §§ 34.4-5. Such rights include the right to: (1) inspect and copy records; (2) enter into a repayment agreement to avoid garnishment; (3) contest the existence or amount of the debt to be collected, as well as the terms of the repayment schedule; and (4) receive a prompt administrative hearing before a hearing official on any timely-filed objections to the

5

garnishment. 34 C.F.R. §§ 34.6-8. The regulations provide for both oral hearings and paper hearings, depending on the circumstances. 34 C.F.R. §§ 34.9-10. Unless the debtor makes an objection or requests a hearing, the Department of Education is authorized to issue an AWG order that does not exceed 15 percent of the debtor's disposable pay. 34 C.F.R. § 34.18-20. The debtor may object to a proposed garnishment on the basis that such garnishment would cause a financial hardship to the debtor or his or her dependents. The burden of proof of showing financial hardship rests with the debtor. If proven, the Department of Education will reduce the amount of the proposed garnishment. 34 C.F.R. §§ 34.24-25.

This case involves a review of a final agency decision under the Administrative Procedure Act. Accordingly, the Court's review of the Department of Education's decision is limited to whether the Department's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Simms v. National Highway Traffic Safety Admin.*, 45 F.3d 999, 1003 (6th Cir. 1995) (citing *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971)). *See also Goldin v. F.D.I.C.*, 985 F.2d 261, 263 (6th Cir. 1993) (citing 5 U.S.C. § 706(2)(A); *Naval Ordnance Station v. Federal Labor Relations Authority*, 818 F.2d 545, 547-48 (6th Cir. 1987)); *Johnson v. U.S. Dept. of Education*, __ F. Supp.2d __, 2008 WL 4445737, *2 (D.D.C. 2008); *Kelly v. Aman Collections Services*, 2007 WL 909547, *3 (D. Minn. 2007); *Gorka v. U.S. Dept. of Education*, 2004 WL 2658071, *3 (N.D. Ill. 2004). The Court must determine based on the review of the administrative record "whether the administrative decision was based on consideration of relevant factors and whether there was clear error of judgment." *Simms*, 45 F.3d at 1003. The agency's decision is accorded great deference and must be upheld if reasonable, even if the reviewing court would have decided differently had it been the initial decision-maker. *Goldin*, 985 F.2d at 263.

6

In the instant case, it is undisputed that plaintiff was given notice of the proposed AWG by the Department of Education and the opportunity to contest the proposal by requesting a hearing. Plaintiff timely requested a hearing and the production of documents related to her loan and proposed garnishment. Plaintiff states she refused to complete the Request for Hearing and financial hardship documents sent to her by the Department of Education and Conserve because she did not receive loan documents in response to her requests. However, defendant's evidence shows that loan documents were in fact sent to plaintiff. (Doc. 30, Exc. C, Entry Date 4/5/07, stating "borrower has been sent copies of loan documents and payment history"). Plaintiff has failed to respond to the motions for summary judgment or to present any evidence creating an issue of fact as to whether she received loan documents in response to her requests. In any event, plaintiff fails to show any connection between the receipt of loan documents and the need to complete financial status and hearing request forms. Nor has plaintiff explained how that any alleged failure to receive loan documents prevented her from avoiding a wage garnishment.

Plaintiff's complaint also asserts that since she previously submitted financial documents to the Department of Education in the years prior to the garnishment hearing, the Financial Disclosure Statement she refused to complete was unnecessary to determining whether garnishment would result in a financial hardship. However, the Notice of Proposed Wage Garnishment sent to plaintiff included "Request for Hearing" and "Financial Disclosure Statement" forms and clearly stated that borrowers objecting to garnishment on the basis of financial hardship "must"complete the enclosed Financial Disclosure Form or a Financial Disclosure Form of the borrower's choosing and "must" enclose copies of current earnings and income records. (Doc. 30, Exh. B, Request for Hearing at 1, Financial Disclosure Statement at 1). It is not irrational for the Department of Education to require current financial information

7

showing a borrower's current circumstances before determining whether garnishment would create a financial hardship. By ignoring the instructions in the Notice which pertained to the financial documents and by refusing to file the necessary documents, plaintiff failed to meet her burden of proof, *see* 34 C.F.R. § 34.24(d)(1), and left the Department of Education with no alternative other than to deny her financial hardship claim. The Department's decision in this regard was not arbitrary and capricious.

Based on the Court's review of the record and the information before the Department of Education, the Department reasonably determined that the student loan debt was valid and enforceable. Plaintiff presented no evidence showing a financial hardship and, therefore, the Department reasonably determined that plaintiff was not entitled to a reduction of the garnishment amount. Based on the administrative record, the Court cannot conclude that the Department of Education's decision was arbitrary, capricious, or contrary to law.

To the extent plaintiff's complaint may be construed as alleging a denial of due process in the AWG process, plaintiff fails to establish a violation of her due process rights. The record in this matter shows that plaintiff received notice of the proposed administrative wage garnishment. Plaintiff was also apprised of her rights, including the right to request a hearing to contest the garnishment. Plaintiff in fact requested a hearing and was provided a meaningful opportunity to present her objections to the proposed garnishment. Defendant's evidence shows that plaintiff declined to present evidence of a financial hardship or otherwise submit evidence in support of her hearing request and that she received loan documents in response to her request. Plaintiff has failed to present evidence disputing these facts or creating an issue of fact as to whether she was prevented from submitting information in support of her position. Therefore, defendants are entitled to summary judgment on this claim as well.

8

In addition, to the extent plaintiff alleges that Conserve "caused" the April 2007 hearing decision to be mailed to plaintiff, the evidence shows that the Department of Education, and not Conserve, was responsible for the administrative hearing decision. (Doc. 31, Exh. A, #12). Plaintiff has failed to present any evidence showing that Conserve was responsible for the AWG decision at issue in this case or that Conserve took any action to violate plaintiff's federal constitutional or statutory rights. Therefore, Conserve's motion for summary judgment should be granted.

Finally, plaintiff's request for damages for pain and suffering "as a result of these matters not being resolved previously to the Plaintiff being directed to bring the matter before the Federal District Court" is without merit. Plaintiff has failed to establish a legal or factual basis for an award of damages in this matter. Therefore, summary judgment should be granted for defendants on this claim.

There is no genuine issue of material fact as to whether the Department of Education acted in an arbitrary and capricious manner in the garnishment action and garnishment hearing decision. Therefore, defendants' motions for summary judgment should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Department of Education's motion for summary judgment be granted.
2. Defendant Conserve's motion for summary judgment be granted.

Date: 10/9/08

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DE ELVA MARY HARRILL,  
Plaintiff,

vs.

UNITED STATES DEPARTMENT  
OF EDUCATION, et al.,  
Defendants.

Civil Action No. 1:07-cv-385  
Spiegel, J.  
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   DeElva Mary Harrill
   219 Woolper Avenue
   Cinti, OH 45220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7007 0710 0000 8134 9151

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:07cv385 (Doc.32)