UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DE ELVA MARY HARRILL, :
:
    Plaintiff, : NO. 1:07-CV-00385
:
  v. :
: **OPINION AND ORDER**
UNITED STATES DEPARTMENT :
OF EDUCATION, et al., :
:
    Defendants. :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 32), to which no objections were filed. For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation, grants Defendants summary judgment, and dismisses this matter from the Court's docket.

**I. Background**

On January 18, 2007, Defendant United States Department of Education ("DOE") notified Plaintiff that it proposed to garnish her wages under Administrative Wage Garnishment ("AWG") to recoup a defaulted student loan debt owed by Plaintiff (doc. 30). On February 12, 2007, the DOE assigned Plaintiff's account to Continental Services Group, Inc., a.k.a. Conserve ("Conserve") for collection (doc. 6). Plaintiff made a timely request for an in-person hearing to challenge the AWG and requested copies of all documents held by the DOE (Id.). By letter dated March 3, 2007, Defendant Conserve sent Plaintiff copies of forms for requesting a

hearing and for documenting a financial hardship claim (Id.). On March 15, 2007, Plaintiff made a second request for a hearing and a request for production of documents held by the DOE (Id.). The record indicates that on April 3, 2007, the DOE completed an audit of the AWG process to ensure the accuracy of Plaintiff's records (doc. 30). The record also shows the DOE sent Plaintiff loan records and documents sometime prior to April 5, 2007, and that an AWG hearing official unsuccessfully attempted to contact Plaintiff to discuss her situation and impending wage garnishment (Id.).

On April 10, 2007, the DOE issued a Garnishment Hearing Decision (doc. 6). The hearing officer determined that an in-person hearing was not required since the Plaintiff only requested documents (Id.). The Garnishment Hearing Decision also stated that Plaintiff's request for documents did not stop the wage garnishment process and that the Plaintiff had failed to demonstrate her specific needs regarding the repayment of her student loans (Id.). On April 14, 2007, DOE provided Plaintiff with the opportunity to enter into a voluntary repayment plan before issuing a garnishment order to her employer (Id.).

On June 20, 2007, Plaintiff filed her Complaint in this Court (doc. 3), arguing the Court should reverse the decision of the DOE because such decision lacks basis in fact and because the DOE's failure to provide documentation denied her the ability to prepare her defense (doc. 6). Although Plaintiff acknowledges she

failed to provide the DOE with her personal financial records, she maintains these documents were unnecessary for a financial hardship determination (Id.). Plaintiff requests that the Court enter a temporary restraining order enjoining Defendants from filing a wage garnishment case, that the Court "quash" the findings of the Garnishment Hearing Decision, that the Court set this matter on the docket until the parties reach a repayment agreement, and that the Court "continue" Plaintiff's request for $9,618.29 in damages for pain and suffering (doc. 3).

On April 16, 2008, Defendant DOE filed its motion for summary judgment (doc. 30). The following day, Defendant Conserve similarly filed its motion for summary judgment (doc. 31). Defendants argue there is no genuine issue of material fact, and they are entitled to summary judgment as a matter of law. Plaintiff filed no response to the motions. On October 9, 2008, the Magistrate Judge issued his Report and Recommendation that Defendants' motions be granted. This matter is now ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation (doc. 32)**

The Magistrate Judge noted the Court should grant a motion for summary judgment if the evidence demonstrates there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law (doc. 32, citing Fed. R. Civ. P. 56; Celotex Corp. V. Catrett, U.S. 317, 322 (1986)). The

Magistrate Judge then proceeded to review the applicable provisions of the Debt Collection Improvement Act of 1996, which allow the DOE to garnish a debtor's wages without obtaining a court order (doc. 32). The Magistrate Judge noted that debtors have the right to challenge the existence or amount of the debt owed as well as the right to an oral or paper hearing (Id. citing 34 C.F.R. § § 34.6-10). While financial hardship is a valid objection to garnishment, the debtor bears the burden of proof (Id. 34 C.F.R. 34.14(c)(1)).

The Magistrate correctly noted that this case involves a review of a final agency decision under the Administrative Procedure Act (doc. 32). Accordingly, the Court's review of the decision is limited to whether the DOE's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (Id. citing Simms v. National Highway Traffic Safety Admin., 45 F.3d 999, 1003 (6th Cir. 1993) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S.402, 414 (1971))). Agency decisions are accorded great deference and must be upheld if reasonable, even if the reviewing court would have decided differently (doc. 32, citing Goldin v. F.D.I.C., 985 F.2d 261, 263 (6th Cir., 1993)).

The Magistrate Judge proceeded to apply the summary judgment standard to the case (doc. 32). The Magistrate Judge found that Plaintiff had both notice of the AWG and the opportunity to contest the garnishment by requesting a hearing (Id.). Although

Plaintiff states she never received the requested loan documents, the DOE provided evidence that it sent the student loan documents to Plaintiff (Id.). The Magistrate Judge found Plaintiff has failed to respond to Defendants' motions for summary judgment or to present any evidence creating an issue of fact as to whether she received loan documents in response to her request (Id.). Nor, found the Magistrate Judge, has she demonstrated any connection between the receipt of loan documents and the need to complete financial status and hearing request forms (Id.).

The Magistrate Judge rejected Plaintiff's claim that she did not need to present current financial documentation because the DOE had older financial documentation with which to make a finding of financial hardship (Id.). The Magistrate Judge reached this conclusion because the Notice of Proposed Wage Garnishment clearly stated that objecting borrowers "must" complete a Financial Disclosure Form and provide copies of current earnings and income records (Id.). The Magistrate Judge held that it is not irrational for the DOE to require current financial data in making a financial hardship determination (Id.). The Magistrate Judge concluded that, in light of Plaintiff's failure to provide current financial documentation, the DOE's decision denying Plaintiff's financial hardship claim was not arbitrary and capricious (Id.). Summary judgment was appropriate in this case because Defendants' uncontroverted evidence showed that Plaintiff failed to comply with

the DOE's reasonable requests for financial records (Id.).

The Magistrate Judge also concluded that the DOE was entitled to summary judgment to the extent Plaintiff's complaint could be construed as asserting a due process claim (Id.). Plaintiff received notice of the proposed garnishment and of her right to request a hearing (Id.). Plaintiff, in fact, exercised her right to a hearing (Id.). The Magistrate Judge noted that the DOE's uncontroverted evidence demonstrated that Plaintiff failed to take advantage of the meaningful opportunity to present financial hardship evidence (Id.).

The Magistrate Judge further concluded that Defendant Conserve was entitled to summary judgment since Plaintiff failed to present any evidence that Conserve was responsible for the AWG or that Conserve took any action to violate Plaintiff's federal constitutional or statutory rights (Id.). Finally, the Magistrate Judge recommended that Defendants be granted summary judgment on Plaintiff's pain and suffering claim because Plaintiff failed to establish a legal or factual basis for an award of damages (Id.).

Having reviewed the record, the Magistrate Judge found that there was no genuine issue of material fact as to whether the DOE acted in an arbitrary and capricious manner (Id.). Neither was there a genuine issue of material fact regarding Defendant Conserve's involvement in the garnishment decision (Id.). The Magistrate therefore recommended that both Defendants' motions for

summary judgment be granted (Id.).

**III. Discussion**

The Court's review of the DOE's decision is limited to whether the Department's action was "arbitrary, capricious, or otherwise not in accordance with law. Simms v. National Highway Traffic Safety Admin., 45 F.3d 999, 1003. Despite Plaintiff's contentions to the contrary, the Court must accept Defendants' uncontroverted evidence. The Court notes that Plaintiff has failed to proffer any evidence that Defendants acted arbitrarily or capriciously, that Defendants denied Plaintiff due process of law, or that Defendants inflicted pain and suffering on Plaintiff. Therefore, the evidence before the Court is insufficient to create a genuine issue of material fact as to any of Plaintiff's allegations and Defendants are entitled to summary judgment.

Having reviewed and considered this matter de novo, and noting that Plaintiff filed no objections, the Court finds the Magistrate Judge's Report and Recommendation thorough and well reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 32).

**IV. Conclusion**

Subsequent to de novo review of this matter, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court concludes the DOE's decisions garnishing Plaintiff's

wages and denying Plaintiff's unsubstantiated claims of financial hardship were neither arbitrary nor capricious. Plaintiff's claim for pain and suffering damages is also lacking in merit. Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 32), AFFIRMS the Magistrate Judge's Recommendation (Id.), ENTERS judgment in favor of Defendant United States Department of Education and Defendant Continental Services Group, Inc., a.k.a. Conserve, and DISMISSES this case from the Court's docket.

       SO ORDERED.

Date: January 29, 2009       /s/ S. Arthur Spiegel  
                                        S. Arthur Spiegel  
                                        United States Senior District Judge